**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Song Chang YUAN, Defendant—
Appellant.**

**No. 01–50018.**

**D.C. No. CR–99–01071–CAS.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 2004.

Decided Aug. 17, 2004.

Miriam A. Krinsky, AUSA, Andrew Cowan, Esq., Daniel N. Shallman, Esq., Michael M. Farhang, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

James M. Crawford, Esq., Orange, CA, for Defendant–Appellant.

Before CANBY, HANSEN,* and RAWLINSON, Circuit Judges.

### MEMORANDUM **

1. The district court did not abuse its discretion when it denied Appellant's motion for a mistrial. Any harm engendered by the prosecution's improper elicitation of Appellant's custodial status was cured by the district court's instructions admonishing the jury to disregard the Appellant's custodial status. *See United*

---

* The Honorable David R. Hansen, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*States v, Sayakhom,* 186 F.3d 928, 945–46 (9th Cir.1999).

■ 2. Ample evidence, ranging from the testimony of the ship's captain, to the testimony of the stowaways, supports the jury's determination that Appellant violated 8 U.S.C. § 1324(a), which prohibits trafficking in aliens. *See United States v. Johnson* 357 F.3d 980, 984–985 (9th Cir. 2004) (denying relief where a rational jury could have found the element of the charged offense).

■ 3. At oral argument, defense counsel conceded that withdrawal is an affirmative defense. The district court did not plainly err when it failed to *sua sponte* instruct the jury on that defense. Appellant's failure to raise the issue during trial resulted in a waiver. *See United States v. Lo,* 231 F.3d 471, 480–81 (9th Cir.2000).

■ 4. The district court did not err when it declined to give a duress instruction. "A defendant is entitled to an instruction on the defense of duress only where the defendant makes a *prima facie* showing of the elements constituting the defense." *United States v. Asuncion,* 973 F.2d 769, 772 (9th Cir.1992) (citation omitted). A duress instruction need not be given if the defendant had a reasonable opportunity to escape the threatened harm, or seek help from the authorities. *See, e.g., United States v. Moreno,* 102 F.3d 994, 997–98 (9th Cir.1996). Appellant disregarded at least one clear opportunity to escape. Thus, the duress instruction was properly denied.

■ 5. Appointed counsel's failure to timely prosecute an appeal did result in a due process violation. The determinative factor in this case is that of prejudice.

Because Appellant's underlying appeal is without merit, the delay caused by court-appointed counsel resulted in no prejudice to Appellant.

AFFIRMED.